PETER J DEAN (CA BAR NO. 219902)
ATTORNEY-AT-LAW
LAW OFFICES OF PETER J DEAN
PO BOX 1566
OAKDALE, CA 95361
Telephone: (209) 765-7301
email: PeterJD209@protonmail.com

Attorney for Plaintiff,
Peter J Dean, In Pro Per

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER J DEAN, an individual

       Plaintiff,

    vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corportation and administrative division of the State of California, RACHEL GARDUNIO,  in her official capacity as the Appointing Officer of Hetch Hetchy Water and Power,   and DOES 1 to 50,

       Defendants.

Case No.:

**COMPLAINT FOR DAMAGES AND DECLATORY RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff PETER JOSEPH DEAN sues Defendants, CITY AND COUNTY OF SAN FRANCISCO ("City"), a municipal corporation and administrative division of the State of California and RACHEL GARDUNIO, in her official capacity as the Appointing Officer of Hetch Hetchy Water and Power, and Does 1 through 50, inclusive, and alleges as follows:

## PARTIES AND JURISDICTION

1.      Plaintiff, Peter J Dean is an adult person and at all times herein an employee of Defendants working in the State of California, County of Tuolumne.

2.      This action is filed in this court because the wrongful conduct complained of herein occurred within the County of Tuolumne, State of California.

3.      At all times material to this complaint, Defendant City and County of San Francisco (hereinafter sometimes referred to as "City") was an incorporated City of the State of California and public employer operating as the City and County of San Francisco, County of San Francisco, California, and doing business as Hetch Hetchy Water and Power in Tuolumne County, subject to suit under Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act, Government Code § 12940 et seq. (FEHA).

4.      At all relevant times, Rachel Gardunio, was the City and County of San Francisco, Hetch Hetchy Water and Power Division, Appointment Officer and an employee of Defendant City and County of San Francisco.  Rachel Gardunio is being sued in her official capacity.

5.      Defendant City and County of San Francisco, Hetch Hetchy Water and Power Division, is a public entity that was the employer of Plaintiff Peter J. Dean at relevant times herein.

6.      The true names  and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 – 50, inclusive, are unknown to Plaintiff at this time, who therefore sues said Defendants by such ficticious names.  Plaintiff are informed and believe and thereon allege that each of the ficticiously named Defendants is in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some

Complaint

manner.  Plaintiff will seek leave to amend this Complaint when the true names, capacities, and responsibilities have been ascertained.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**7.**     On June 23, 2021, the City issued a "COVID-19 Vaccination Policy" requiring that all employees be vaccinated against SARS-CoV-2, (the virus that Defendants claim causes COVID-19 ("COVID")), when the U.S. Food and Drug Administration ("FDA") approves any COVID-19 Vaccine.

8.  At all times relevant to City's June 23, 2021 "COVID-19 Vaccination Policy" and subsequent revisions, Plaintiff has been a follower of the teaching of the Congregation of Universal Wisdom.  Plaintiff's sincerley held religious beliefs prohibit him from being injected with any of the COVID-19 Vaccination Drugs.

9.     Plaintiff has telecommuted full time for Defendants since approximately March of the year 2020.  Plaintiff's job duties do not require Plaintiff to be within close proximity to other workers or the public.  Plaintiff routinely performed testing such as    temperature monitoring and was willing to continue testing to demonstrate Plaintiff's fitness for duty.

10.     Defendants contend the FDA Approved a COVID-19 Vaccine on August 23, 2021.

11.     On August 26, 2021, Plaintiff notified Defendants of his religious prohibition to being injected with the COVID-19 Vaccine by filing the form "Employee Request for Religious Accommodation (COVID-19 Vaccination Exemption)".  Plaintiff included certification from his congregation, religious texts, and declarations demonstrating his religious beliefs.

12.     On September 21, 2021, the Defendants sent Plaintiff four written questions:  "1. Have you taken vaccines for any of the following diseases: rubella (measles), varicella (chickenpox), or hepatitis A?  2.  If applicable, have you authorized your children to receive vaccines for rubella (measles), varicella (chickenpox), or hepatitis A?  3.  If your answer to question #1 and/or #2 is "yes" why is your position with respect to COVID-19 vaccine different than for these other vaccines, all of which are also grown in cell lines derived from fetuses?  4.

1    Many common medications were also developed using the same type of technology used in the

2    development of COVID-19 vaccines, including Tylenol, Pepto Bismol, aspirin, Tums, Lipitor,

3    Senokot, Motrin, ibuprofen, Maalox, Ex-Lax, Benadryl, Sudafed, abluterol, Preparation H,

4    Claratin, Zoloft, Prilosec OTC, and azithromycin.  Do your beliefs prohibit you from taking and

5    will you in the future abstain from taking these and other similar medications?  If not, what tenet

6    or belief prohibits the use of the COVID-19 vaccine, but permits the use of these other

7    medications?"

8         13.    On September 22, 2021, Plaintiff submitted responses to all four written questions

9    sent by the City on September 21, 2021.  Defendants made no further requests for information or

10   clarification of Plaintiff's religious beliefs.

11        14.    On October 12, 2021, Defendants sent Plaintiff the form "DETERMINATION

12   ON COVID-19 VACCINATION EXEMPTION REQUEST" the form stated Defendants

13   "DENIED SINCERELY HELD RELIGIOUS BELIEF" stating the reason as "Documentation

14   Insufficient to Show a Conflict Between Vaccination Requirement and Sincerely Held Religious

15   Belief, Practice or Observance" the form stated the determination date was August 26, 2021.

16        15.    On November 8, 2021, Defendants mailed to Plaintiff a letter titled "Notice of

17   Proposed Disciplinary Action and Employee Conferences/Skelly Meeting (Skelly Notice) and

18   Placement on Paid Administrative Leave".  The letter stated Defendants intended to terminate

19   Plaintiff's employment based upon violation of the COVID-19 Vaccination Policy and in the

20   interim was removing Plaintiff from the workplace by placing Plaintiff on administrative leave.

21        16.    On November 14, 2021, Plaintiff submitted an Intake Form with the California

22   Department of Fair Employment and Housing complaining of past and continuing discrimination

23   and other employment violation by Defendants against Plaintiff.  The Intake Form was filed

24   concurrently with the U.S. Equal Employment Opportunity Commission (hereafter, "U.S.

25   EEOC").

26        17.    On November 19, 2021, Plaintiff responded in writing to Defendants' November

27   8, 2021 letter titled "Notice of Proposed Disciplinary Action and Employee Conferences/Skelly

28   Meeting (Skelly Notice) and Placement on Paid Administrative Leave", objecting to Defendants

Complaint

proposed actions and detailing the unlawfulness of Defendants' proposed actions including discrimination, Defendants' failure to provide feedback or guidance regarding information required for a religious exemption/accommodation, and violations of public policy.

18.     On December 6, 2021, Defendants sent Plaintiff a letter stating Plaintiff was terminated from employment effective December 7, 2021.   The dismissal letter contained a finding that, "Peter Dean's failure to comply with the vaccination requirement endangers the health and safety of the City's workforce and the public we serve.".

19.     On January 6, 2022, Defendants sent Plaintiff notice that his employment was reinstated effective December 7, 2021, Defendants placed Plaintiff on unpaid leave effective December 29, 2021, and provided notice of Defendants' intent to reclassify defendant as "released from employment" on April 1, 2022 unless plaintiff became "fully vaccinated (as defined by the City's current Vaccination Policy)".

20.     Plaintiff is informed and believes and hereafter alleges that Defendants trained Defendants' employees to search COVID-19 Vaccination Policy Exemption Requests for defined characteristics such as opposition to fetal cell based drugs which would then subject the employee's Exemption Request to a disparate sham process designed to result in no approvals. Further, that Defendants did not approve any COVID-19 Vaccination Policy Exemption Requests that included objections to fetal cells even if the Exemption Request contained information that would otherwise qualify for acknowledgement of qualifying religious beliefs to the COVID-19 Vaccination Policy under Defendants' standard.

21.     Plaintiff is informed and believes and hereafter alleges that Defendants' only form of accomodation was an offer of 60 days of unpaid leave for the employee to find there own job somewhere else in the City; a fool's errand given the Defendants impossible criteria of finding a position with the ability to perform every potential duty with no potential for human contact at anytime; no employee received permanent accommodation.

22.     On March 23, 2022, and within on year of the date of discrimination committed by Defendants, Plaintiff signed a charge of discrimination with the California Department of Faith Employment and Housing (now renamed to Caifornia Civil Rights Department)

1   concurrently acting with the U.S. EEOC.

2       23.     On March 14, 2023, the Calfornia Civil Rights Department issued to Plaintiff a

3   notice of right to sue.  A copy of this notice of right to sue is appended hereto, marked "Exhibit

4   1", and is incorporated by this reference as though fully set forth.

5       24.     On March 22, 2023, the U.S. EEOC issed to Plaintiff a notice of right to sue.  A

6   copy of this notice of right to sue is appended hereto, marked "Exhibit 2", and is incorporated by

7   reference as though fully set forth.

8       25.     Plaintiff has exhausted all of his administrative remedies.

9

10                          **FIRST CAUSE OF ACTION**

11                  **TITLE VII – RELIGIOUS DISCRIMINATION –**

12                      **FAILURE TO ACCOMMODATE**

13                      **(42 U.S.C. § 2000e-2(a)(1))**

14                      **(AGAINST ALL DEFENDANTS)**

15      26.     As a first, separate and distinct cause of action, Plaintiff complains against

16  Defendants and Does 1 through 50, and each of them, and incorporates by reference the

17  foregoing paragraphs of this complaint, as if fully set forth herein.

18      27.     At all times mentioned in this compliant, Title VII was in full force and effect and

19  was binding on Defendants.  This section provides, in relevant part, that:

20      28.     Title VII prohibits an employer from discriminating against an employee

21  "because of such individual's … religion."  42 U.S.C. § 2000e-2(a)(1).  This "includes all aspects

22  of religious observance and practice, as well as belief, unless an employer demonstrates that he

23  is unable to reasonably accommodate an employee's . . .  religious observance or practice

24  without undue hardship on the conduct of the employer's business."  *Id.* § 2000e(j).

25      29.     In other words, it is "unlawful 'for an employer not to make reasonable

26  accommodations, short of undue hardship, for the religious practices of his employees and

27  prospective employees.'" *Opuku-Boateng v. State of Cal.*, 95 F.3d 1461, 1467 (9th Cir. 1996)

28  (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 74 (1977)).

30.     To establish a *prima facie* case for failure to accommodate a Plaintiff must present evidence that: (1) the employee has a bona fide religious belief that conflicts with an employment requirement; (2) they informed the employer of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.  *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993).

31.     Once the plaintiff has made out a *prima facie* case for discrimination, the burden then shifts to the employer to show that it could not reasonably accommodate the plaintiff's religious beliefs without undue hardship.  *TWA v. Hardison*, 432 U.S. 63, 84 (1977).  Not only does the burden of *proving* an undue hardship fall on defendants here, "at a minimum, the employer was required to negotiate with the employee in an effort reasonably to accommodate the employee's religious beiefs." *EEOC v. Hacienda Hotel*, 881 F.2d 1504, 1513 (9th Cir. 1989), overruled on other grounds by *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998).

32.     On August 26, 2021,  Plaintiff clearly established a "bona fide religious belief" and its conflict with the COVID-19 Vaccination Policy by notifying Defendants and providing supporting documentation that his religious beliefs conflicted with Defendants' COVID-19 Vaccination Policy job requirement of injecting any of the COVID-19 Vaccination drugs.

33.     Defendants provided no reasonable accommodation options for Plaintiff, not did it engage in the interactive process to attempt to find a workable accommodation that would not pose an undue hardship to Defendants.  The failure to engage in meaningful interactive process signals an employer's violation of its duty to accommodate because the employer is attempting to remain purposefully ignorant of potential reasonable accommodations.

34.     To establish the defense of "undue hardship" defendants must demonstrate that any of the aforesaid accommodations would "bear more than a de minimis cost" on defendants. Hardison, 432 U.S. at 84.

35.     But as an initial matter, any supposed "undue hardship" must be "*on the conduct of the employer's business.*" *EEOC v. Townley Engineering & Mfg. Co.*, 859 F.2d 610, 615 (9th Cir. 1988) (citing 42 U.S.C. § 2000e(j)).  As Defendants had operated without vaccinated employees for more than a year and a half throughout the pandemic, having unvaccinated

1   employees on the job cannot be said to be an "undue hardship on the conduct of the employer's

2   business." *Townley*, 859 F.2d at 615.  The employer's business had proceeded through other

3   avenues (such as masking and testing) and compulsory vaccination-while desired by the City-

4   thus cannot override religious exemptions.

5          36.     Plaintiff is informed and believes and herein alleges that Defendants have at times

6   accommodated other employees, and that other cities, counties, municipalities, hospitals, and

7   businesses have accommodated their employees cost free utilizing testing, masking or other

8   accommodations.  Reasonable (and safe) accommodations were available and known.

9   Defendants just chose to ignore them.

10         37.     As a direct and proximate result of Defendants' discriminatory actions against

11  Plaintiff, as alleged herein, Plaintiff has suffered harm in the form of special damages, including

12  but not limited to, back pay, front pay, pre-judgment and post-judgment interest, and

13  compensatory damages and other affirmative relief necessary to eradicate the effects of

14  Defendants' unlawful employment practices.

15         38.     Plaintiff is also entitled to reasonable attorneys' fees and costs pursuant to law.

16         39.     Plaintiff further seeks a declaration that Defendants have discriminated against

17  Plaintiff and has violated Plaintiff's legal rights by failing to provide a reasonable

18  accommodation of his religious beliefs.

19         40.     As a direct and proximate cause of Defendants' willful, knowing, and intentional

20  discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

21  substantial losses as alleged herein including economic loses from lost past and future wages and

22  lost employment benefits, all to his damage in a sum according to proof.

23         41.     Plaintiff has incurred and continues to incur legal expenses, costs and attorney

24  fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

25  leave of court to amend this complaint when the amounts are more fully known.

26         42.     WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

27
                               **SECOND CAUSE OF ACTION**
28

## RELIGIOUS DISCRIMINATION – DISPARATE TREATMENT

## (42 U.S.C. § 2000e-2(a)(1))

### (Against All Defendants)

43.     As a second, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

44.     Title VII makes it "an unlawful employment practice  for an employer to discriminate against any individual with respect to h[er] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-(a)(1).

45.     A *prima facie* case for disparate treatment based on religion requires four elements: (1) membership in a protected class; (2) meeting the qualifications for the job in question; (3) adverse employment action; and (4) different treatment than similarly situated employees outside the protected class.  *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).

46.     A plaintiff asserting a prima facie case for disparate treatment can do so through either direct or indirect evidence.  *See Lyons v. England*, 307 F.3d 1092, 1113 (9th Cir. 2002).

47.     By requesting religious accommodation from Defendants which included his religious opposition to injection of medications related to fetal cells, Plaintiff established himself as a member of a protected class.

48.     Plaintiff's employee record demonstates unquestionably that he was qualified for the position.  That is why, prior to the mandate, Plaintiff had no indiciation that his job was in jeopardy.

49.     Plaintiff suffered an adverse employment action when Defendants seeing Plaintiff's request for exemption from the COVID-19 Vaccination Policy contained a religious opposition to injection of drugs related to fetal cell tissue identified Plaintiff's request for further scrutiny in a process designed to result in Plaintiff's religious beliefs to be determined invalid, Plaintiff's beliefs would have been deemed valid by Defendants if the request did not contain the

1    opposition to injection of drugs related to fetal cells.  After receiving Plaintiff's request for

2    exemption from the COVID-19 Vaccination Policy, Defendants sent Plaintiff four questions

3    each related to the use of fetal cells.  Prior to denying Plaintiff's religious beliefs, Defendants

4    made no effort to clarify Plaintiff's religious opposition to injection with all vaccines as

5    described in the certification and religious texts submitted from Plaintiff's religious

6    congregation, the Congregation of Universal Wisdom, which included no specific reference to

7    fetal tissue.  Plaintiff is informed and believes and herein alleges that Defendants

8    implementation of this sham process resulted in the termination of all employee's that reported to

9    Defendants that they opposed the COVID-19 Vaccination Policy application due to its

10   requirements to be injected with drugs related to fetal cells.

11        50.    As a result of Plaintiff's request for exemption from the COVID-19 Vaccination

12   Policy containing oppossition to injection of drugs related to fetal cells, Plaintiff suffered an

13   adverse employment action of having his religious beliefs denied by Defendants and no attempts

14   to make an accommodation (such as a 60 day opportunity to transfer to a different position), thus

15   the act was in essence termination of employment under the COVID-19 Vaccination Policy.

16   Plaintiff suffered further adverse employment action by being terminated, then reinstated and

17   placed on unpaid leave with an offer for reemployment if Plaintiff violated his religious belief,

18   then terminated again.

19        51.    As a direct and proximate result of Defendants' disparate treatment against

20   Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth

21   below in the Prayer for Relief.

22        52.    As a direct and proximate cause of Defendants' willful, knowing, and intentional

23   discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

24   substantial losses as alleged herein including economic loses from lost past and future wages and

25   lost employment benefits, all to his damage in a sum according to proof.

26        53.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

27   fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

28   leave of court to amend this complaint when the amounts are more fully known.

Complaint

54.    WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

## THIRD CAUSE OF ACTION
## TITLE VII – RETALIATION FOR RELIGIOUS CLAIIMS
## (42 U.S.C. § 2000e-3(a))
## (All Defendants)

55.    As a third, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

56.    Title VII makes it unlawful "an employer to discriminate against any of [its] employees . . . because [s]he has opposed any practice made unlawful by this subchapter." 42 U.S.C. § 2000e-3(a).

57.    A *prima facie* case for retaliation requires a showing that (1) the plaintiff engaged in activity protected by Title VII; (2) an adverse employment action was taken by the employer against the plaintiff; and (3) a casual link existed between the protected activity and the adverse action. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1064 (9th Cir. 2002).

58.    Here, on August 26, 2021, Plaintiff engaged in protected activity under Title VII when Plaintiff reported that he opposed Defendants COVID-19 Vaccination Policy due to the COVID-19 Vaccination's Policy's requirement to be injected with drugs related to fetal cell tissue and asserted the COVID-19 Vaccination Policy should not be applicable to Plaintiff due to religious reasons.

59.    Then because Plaintiff's August 26, 2021 opposition to the COVID-19 Vaccination Policy included an opposition to fetal cell related drugs, Defendants used Plaintiff's submission to identify Plaintiff for termination by wrongfully not considering Plaintiff's religious request sufficient thus preventing Plaintiff from being able to participate in an accommodation search.  Plaintiff is informed and believes and herein alleges that Defendants implementation of this sham process resulted in the termination of all employee's that reported to Defendants that they opposed the COVID-19 Vaccination Policy application due to its

1   requirements to be injected with drugs related to fetal cells.

2       60.     As a direct and proximate result of Defendants' retalitory actions against Plaintiff,

3   as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth below in

4   the Prayer for Relief.

5       61.     As a direct and proximate cause of Defendant's willful, knowing, and intentional

6   discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

7   substantial losses as alleged herein including economic loses from lost past and future wages and

8   lost employment benefits, all to his damage in a sum according to proof.

9       62.     Plaintiff has incurred and continues to incur legal expenses, costs and attorney

10  fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

11  leave of court to amend this complaint when the amounts are more fully known.

12      63.     WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

13

14                    **FOURTH CAUSE OF ACTION**

15      **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT RELIGIOUS**

16      **DISCRIMINATION – FAILURE TO ENGAGE IN INTERACTIVE PROCESS**

17                    **(Cal. Gov. Code § 12900 et seq.)**

18                         **( All Defendants)**

19      64.     As a fourth, separate and distinct cause of action, Plaintiff complains against

20  Defendants and Does 1 through 50, and each of them, and incorporates by reference the

21  foregoing paragraphs of this complaint, as if fully set forth herein.

22      65.     As alleged in this Complaint, Defendants failed to engage in a good-faith

23  interactive process with Plaintiff.  Here, Defendants implemented a policy requiring injection

24  with a COVID-19 Vaccination Drug, allowed application for an exemption to the policy,

25  responded to Plaintiff's application with four questions regarding use of drugs Defendants

26  asserted are derived from fetal cells, and denied Plaintiff's exemption request alleging not

27  enough information provided.  Defendants' failure to make any attempt to notify Plaintiff of

28  additional information needed or how the application was otherwise deficient and provide an

1    opportunity for Plaintiff to supplement the application is indicative of no interactive process.

2    66.    As a direct and proximate result of Defendants' failure to engage in an interactive

3    process with Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further

4    relief as set forth below in the Prayer for Relief.

5    67.    As a direct and proximate cause of Defendant's willful, knowing, and intentional

6    discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

7    substantial losses as alleged herein including economic loses from lost past and future wages and

8    lost employment benefits, all to his damage in a sum according to proof.

9    68.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

10    fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

11    leave of court to amend this complaint when the amounts are more fully known.

12    69.    WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

**FIFTH CAUSE OF ACTION**

**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**RELIGIOUS DISCRIMINATION – FAILURE TO ACCOMMODTE**

**(Cal. Gov. Code § 12940(l))**

**(All Defendants)**

70.    As a fifth, separate and distinct cause of action, Plaintiff complains against

Defendants and Does 1 through 50, and each of them, and incorporates by reference the

foregoing paragraphs of this complaint, as if fully set forth herein.

71.    At all times relevant, Defendants was subject to Government Code § 12940 et

seq. because it regularly employed five (5) or more persons.  Defendants employed Plaintiff

prior to termination of Plaintiff for his refusal to violate his religious beliefs.

72.    Governmnent Code § 12940(l) provides that it is unlawful to discriminate against a

person based on religion and may not invoke the undue hardship defense, unless the employer

demonstrates it has "explored any available reasonable alternative means of accommodating the

religious belief but is unable to reasonably accommodate the religious belief without undue

1    hardship."

2        73.    As elaborated above in detail, Plaintiff has sincerely held religious beliefs that

3    prevent him from receiving the COVID-19 Vaccines.

4        74.    Plaintiff's sincerely held religious beliefs conflicted with a job requirement

5    enacted during the course his employment, specifically, Defendants' mandatory COVID-19

6    Vaccination Policy for all employees.

7        75.    Plaintiff informed Defendants of his religious beliefs and of the conflict that these

8    beliefs created regarding the vaccination policy.

9        76.    Defendants did not explore any available alternatives of accommodating Plaintiff,

10    such as continuing to work remotely, or regular testing, or utilizing Personal Protective

11    Equipment.  Rather, Defendants did not propose any accommodation options to Plaintiff

12    although accommodation options were offered to other employees.

13        77.    Plaintiff's inability to comply due to his religiouis beliefs conflicting with the

14    COVID-19 Vaccination Policy was a substantial motivating reason for Defendants decision to

15    take adverse employment actions against Plaintiff.  Adverse employment actions included

16    among other things described in this Complaint, subjecting Plaintiff to intrusive and illmotivated

17    questioning, subjecting Plaintiff to unequal safety restrictions, placing Plaintiff on unpaid leave,

18    and eventually terminating Plaintiff.

19        78.    As a direct and proximate result of Defendants' failure to accommodate against

20    Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth

21    below in the Prayer for Relief.

22        79.    As a direct and proximate cause of Defendants' willful, knowing, and intentional

23    discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

24    substantial losses as alleged herein including economic loses from lost past and future wages and

25    lost employment benefits, all to his damage in a sum according to proof.

26        80.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

27    fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

28    leave of court to amend this complaint when the amounts are more fully known.

Complaint

81.     WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

**SIXTH CAUSE OF ACTION**

**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

**RETALIATION FOR RELIGIOUS CLAIMS**

**(Cal. Gov. Code § 12940(h) et seq.)**

**(All Defendants)**

82.     As a sixth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

83.     At all times relevant, Defendants were subject to Government Code § 12940 et seq. because it regularly employed five (5) or more persons.  Defendants employed Plaintiff prior to terminating Plaintiff for his refusal to violate his religious beliefs

84.     California cases hold that in order to establish a Prima Facie case of retaliation under the FEHA , a plaintiff must show (1) he or she engaged in a "protected activity", (2) the employer subject the employee to an adverse employment action, and (3) a casual link existed between the protected activity and the employer's action.  *See Yanowitz v. L'Oreal USA Inc.*, (2005) 36 Cal.4th 1028, 1042.

85.     The elements for Retaliation under the FEHA are similar as Retaliation under Title VII.  The acts of Defendants described in the Third Cause of Action for Retaliation for Religious Claims under Title VII also set forth liability under California Government Code § 12940 for Retaliation for Religious Claims and are incorporated by reference herein.

86.     As a direct and proximate result of Defendants' retaltory actions against Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth below in the Prayer for Relief.

87.     As a direct and proximate cause of Defendants' willful, knowing, and intentional retaltory actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses as alleged herein including economic loses from lost past and future wages and lost

1    employment benefits, all to his damage in a sum according to proof.

2        88.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

3    fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

4    leave of court to amend this complaint when the amounts are more fully known.

5        89.    WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

6

7                    **SEVENTH CAUSE OF ACTION**

8                **AMERICANS WITH DISABILITIES ACT**

9            **DISCRIMINATION BASED ON PERCEIVED DISABILITY**

10                    **(42 U.S.C. § 12201, et seq)**

11                        **(All Defendants)**

12       90.    As a seventh, separate and distinct cause of action, Plaintiff complains against

13    Defendants and Does 1 through 50, and each of them, and incorporates by reference the

14    foregoing paragraphs of this complaint, as if fully set forth herein.

15       91.    In protecting against disability discrimination, the ADA defines a disability to

16    include "being regarded [by your employer] as having such an impairment."  42 U.S.C. §

17    12102(1)(C).  Going on, the statute explains that "[a]n individual meets the requirement of 'being

18    regarded as having such an impairment' if the individual establishes that he or she has been

19    subjected to an [adverse employment] action . . . because of an actual or percieved physical or

20    mental impairment whether or not the impairment limits or is perceived to limit a major life

21    activity."  *Id.* § 12102(3)(A).  The only exception is if the perceived disability is both "transitory

22    and minor" - meaning it is expected to last less than six months.  *Id. §*  12102(3)(B).

23       92.    Plaintiff informed Defendants that he was unable to receive a COVID-19

24    vaccination and requested reasonable accommodations from the same.

25       93.    Defendants regarded Plaintiff as disabled, perceiving him as though he was

26    perpetually infected with COVID-19.  This is clear from Defendants Notice of Dismissal dated

27    December 6, 2021 which finds that Plaintiff, "Peter Dean's failure to comply with the

28    vaccination requirement endangers the health and safety of the City's workforce and the public

1  we serve.".  This clearly indicates Defendants percieved Plaintiff as though he was perpetually

2  infected with COVID-19 and the condition was perceived to last indefinitely.

3       94.     Defendants did not prove that Plaintiff posed any increased risk of transmitting

4  COVID-19 than his fellow employees.

5       95.     Defendants nevertheless treated Plaintiff as though he was disabled (i.e., that he

6  could not perform his job safely) simply because he had not received a COVID-19 vaccination.

7       96.     Defendants thereby discriminated against Plaintiff because of an imagined

8  disability that was neither transitory (because Defendants believed it was ongoing) nor minor

9  (because Defendants believed it impacted safety constantly).

10      97.     By limiting, segregating, and classifying employees in a manner that adversely

11 affected their employment opportunities based on an imagined disability, Defendants engaged in

12 disability-based discrimination in violation of the ADA, thereby harming Plaintiff.

13      98.     As a direct and proximate result of Defendants' retaliory actions against Plaintiff,

14 as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth below in

15 the Prayer for Relief.

16      99.     As a direct and proximate cause of Defendant's willful, knowing, and intentional

17 discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain

18 substantial losses as alleged herein including economic loses from lost past and future wages and

19 lost employment benefits, all to his damage in a sum according to proof.

20      100.    Plaintiff has incurred and continues to incur legal expenses, costs and attorney

21 fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays

22 leave of court to amend this complaint when the amounts are more fully known.

23      101.    WHEREFORE, plaintiff requests relief as set forth below in the Prayer for Relief.

24
**EIGHTH CAUSE OF ACTION**

25
**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**

26
**FAILURE TO ACCOMMODATE PERCEIVED DISABILITY**

27
**(Cal. Gov. Code § 12900 et seq.)**

28

**(All Defendants)**

102.    As an eighth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 50, and each of them, and incorporates by reference the foregoing paragraphs of this complaint, as if fully set forth herein.

103.    Pursuant to Calfiornia Government Code § 12940(a), it is unlawful for any employer to discriminate against an employee because of the employee's disability.  Under California Government Code § 12926(o), this anti-discrimination law covers discrimination against any employee based perceived disability by the employer.  Furthermore, pursuant to California Government Code § 12926(n), the definition of "disability" under the American with Disabilities Action of 1990 is adopted into California law to the extent that it provides broader protection than California law.

104.    In protecting against disability discrimination, the ADA defines a disability to include "being regarded [by your employer] as having such an impairment." 42 U.S.C. § 12102(1)(C).  Going on, the statute explains that "[a]n individual meets the requirement of 'being regarded as having such an impairment' if the individual establishes that he or she has been subjected to an [adverse employment] action . . . because of an actual or perceived phusical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity."  *Id.*  12102 § (3)(A).  The only exception is if the perceived disability is both "transitory and minor" - meaning it is expected to last less than six months.  *Id.* § 12102(3)(B).

105.    Plaintiff informed Defendants that he was unable to receive a COVID-19 vaccination and requested reasonable accommodations from the same.

106.    Defendants regarded Plaintiff as disabled, perceiving him as though he was perpetually infected with COVID-19.  This is clear from Defendants Notice of Dismissal dated December 6, 2021 which finds that Plaintiff, "Peter Dean's failure to comply with the vaccination requirement endangers the health and safety of the City's workforce and the public we serve.".  This clearly indicates Defendants percieved Plaintiff as though he was perpetually infected with COVID-19 and the condition was perceived to last indefinitely.

107.    Defendants did not prove that Plaintiff posed any increased risk of transmitting

COVID-19 than his fellow employees.

108.   Defendants nevertheless treated Plaintiff as though he was disabled (i.e., that he could not perform his job safely) simply because he had not received a COVID-19 vaccination.

109.   Defendants thereby discriminated against Plaintiff because of an imagined disability that was neither transitory (because Defendants believed it was ongoing) nor minor (because Defendants believed it impacted safety constantly).

110.   By limiting, segregating, and classifying employees in a manner that adversely affected their employment opportunities based on an imagined disability, Defendants engaged in disability-based discrimination in violation of the ADA, thereby harming Plaintiff.

111.   As a direct and proximate result of Defendants' retaliatory actions against Plaintiff, as alleged herein, Plaintiff has suffered harm and is entitled to further relief as set forth below in the Prayer for Relief.

112.   As a direct and proximate cause of Defendant's willful, knowing, and intentional discriminatory actions against Plaintiff, Plaintiff has sustained and continues to sustain substantial losses as alleged herein including economic loses from lost past and future wages and lost employment benefits, all to his damage in a sum according to proof.

113.   Plaintiff has incurred and continues to incur legal expenses, costs and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees, and prays leave of court to amend this complaint when the amounts are more fully known.

114.   WHEREFORE, Plaintiff requests relief as set forth below in the Prayer for Relief.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendant(s), as follows:

1.   Declare that City's protocol for determining sincerity of faith in whole, or in part, on its face, and as applied, does not comport with the requirements of Title VII and/or the FEHA;

2.   Declare that City's universal declaration that each and every unvaccinated-

religious-objector-employee poses a danger to the employee, co-worker, and others, and thus accommodation poses an undue hardship on San Francisco, fails the reaonableness requirement under Title VII and/or the FEHA;

3.    Declare that City violated the ADA by treating Plaintiff as being perpetually infected by a threatening virus, thus regarding him as disabled and discriminating against him without justification;

4.    Declare that City violated Title VII, the ADA, and California state law for its failure to provide a reasonable accommodatoin for Plaintiff's clearly articulated regligious beliefs when numerous no-cost options were available;

5.    Declare that City violated Title VII, the ADA, and California law by failing to engage in the interactive process in response to Plaintiff's request for accommodations to the City's vaccine mandate and, instead, preemptively denied those requests based on pretextual reasons;

6.    Declare that City's disparate treatment of Plaintiff, in interrogating him seeking a religious accommodation in a bad faith attempt to undermine his beliefs rather than determine reasonable accommodation constitutes religious discrimination in violation of Title VII, and California state law;

7.    Declare that City violated Title VII, the ADA, and California state law by retaliating against Plaintiff for engaging in protected activitiy through seeking religious accommodations;

8.    For a money judgment representing special damages including lost past and future wages, lost past and future employment benefits including retirement benefits, costs of the suit herein, all other sums of money, together with pre-judgment interest and post-judgment interst on said amounts at the legal rate, and any other economic injury to plaintiff, according to proof;

9.    Restoration of employee benefits, including, but not limited to, medical benefits, pensions, and insurance;

10.    Restore vacation days, comp hours, and lost time hours;

11.  For costs of suit herein;

12.  For attorney fees under any applicable statutory or equitable basis;

13.  For prejudgment interest under any applicable statutory basis, at the legal rate; and

14.  For any other relief that is just and proper.


**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE THAT Plaintiff Dean hereby demands trial by jury for the above cause.

Dated:  April 6, 2023                                         LAW OFFICES OF PETER J DEAN

By: _____
PETER J DEAN
Attorney for Plaintiff
In Propria Persona

EXHIBIT 1

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT 1

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**Civil Rights Department**
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 (voice) | 800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@dfeh.ca.gov

March 14, 2023

**Via Email: peterjd209@msn.com**

Peter Dean
PO Box 1566
Oakdale, CA 95361

RE:    **Notice of Case Closure and Right to Sue**
       **Case Number**: 202111-15382715
       **Case Name**: Dean / County and City of San Francisco-Hetch Hetchy Water and Power
       **EEOC Number**: 37A-2022-00981
       **County of Violation**: Tuolumne

Dear Peter Dean:

The Civil Rights Department (CRD) has closed your case for the following reason: **Agency Discretion**. The CRD makes no determination about whether further investigation would establish violations of the Fair Employment and Housing Act (FEHA) or other laws. This decision does not mean the alleged claims have no merit or that the respondent is in compliance with the law. No finding is made as to any other issues that might be construed as having been raised by this complaint.

**This is your Right to Sue notice.**  As specified in Government Code section 12965, subdivision (b), you may file your own civil action asserting employment claims under the FEHA within one year of the date of this letter. If you want to file a civil action that includes other claims, you should consult an attorney about the applicable statutes of limitation.

Your complaint **is dual filed** with the United States Equal Employment Opportunity Commission (EEOC).  You have a right to request EEOC to perform a substantial weight review of our findings.  This request must be made within fifteen (15) days of your receipt of this notice. Pursuant to Government Code section 12965, subdivision (d) (1), your right to sue may be tolled during the pendency of EEOC's review of your complaint.  To secure this review, you must request it in writing to the State and Local Coordinator:

**EEOC Southern California**
**Roybal Federal Building**
**255 East Temple Street, 4th Floor**
**Los Angeles, California 90012**
**Karrie.Maeda@eeoc.gov**

You have the right to appeal the decision to close your case. This request must be made within ten (10) days of receiving this letter. Your appeal must include: 1) a summary as to why you disagree with the case closure; and/or 2) any new detailed information (e.g., documents, records, witness information) that supports your claim. If you appeal, the information you provide will be carefully considered. You may appeal this decision by:

- Email. Send your request to appeals@dfeh.ca.gov and make reference to the case #: 202111-15382715.

- Mail. Send your request to: CRD, Appeals Unit, 2218 Kausen Drive, Suite 100, Elk Grove, CA 95758. Include a copy of this letter and make reference to the case #: 202111-15382715.

- Phone. Call us at 800-884-1684 (voice), 800-700-2320 (TTY), or by using California's Relay Service at 711.

Although the CRD has closed this case, the allegations and conduct at issue may be in violation of the law. You should consult an attorney as soon as possible regarding any other options and/or recourse you may have regarding the underlying acts or conduct.

Below are some resources to assist you in deciding whether to bring a civil action on your own behalf in court in the State of California under the provisions of the FEHA against the person, employer, labor organization or employment agency named in your complaint. To proceed in Superior Court, you should contact an attorney.

- The State Bar of California has a Lawyer Referral Services Program which can be accessed through its website at www.calbar.ca.gov under the "Public" link, or by calling 866-442-2529 (within California) or 415-538-2250 (outside California).

- Your local city or county may also have a lawyer referral or legal aid service.

- The Department of Consumer Affairs (DCA) has a publication titled "The Small Claims Court: A Guide to Its Practical Use" online at www.dca.ca.gov/publications/small_claims. You may also order a free copy by calling the DCA Publication Hotline at 866-320-8652, or by writing to them at: DCA, Office of Publications, Design and Editing, 1625 North Market Blvd., Suite N-112, Sacramento, CA 95834.

Sincerely,

*Clara Hernandez*

Clara Hernandez
FEH Consultant III (Specialist)
661-395-2973
clara.hernandez@dfeh.ca.gov

Cc:   County and City of San Francisco-Hetch Hetchy Water and Power
      Steven Tang, EEO Programs Manager
      SFPUC Human Resources Services
      Via Email: smtang@sfwater.org

EXHIBIT 2

THIS PAGE INTENTIONALLY LEFT BLANK

EXHIBIT 2

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Los Angeles District Office**
255 East Temple St, 4th Floor
Los Angeles, CA 90012
(213) 785-3090
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/22/2023

**To:** Peter Dean
PO Box 1566
Oakdale, CA 95361

On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR 1601.7(a))

Charge No: 37A-2022-00981

EEOC Representative and email:    KARRIE MAEDA
State, Local & Tribal Program Manager
karrie.maeda@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because you have already filed a lawsuit in a state court on this matter.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

On behalf of the Commission,

Digitally Signed By: Christine Park-Gonzalez
03/22/2023

Christine Park-Gonzalez
District Director

**Cc:**
County and City of San Francisco-
Hetch Hetchy Water and Power
C/o: Steven Tang, Dena Narbaitz
525 Golden Gate Avenue, 3rd Floor
San Francisco, CA 91402

Please retain this notice for your records.